[Cite as *Miller v. Bradshaw*, 2011-Ohio-5380.]

**[Nunc pro tunc opinion. Please see original at 2011-Ohio-4972.]**

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| WAYNE MILLER | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Petitioner | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-79 |
| WARDEN MARGERIT(SIC) | : |  |
| BRADSHAW | : |  |
|  | : | O P I N I O N |
| Respondent | : | NUNC PRO TUNC |
|  | : |  |

CHARACTER OF PROCEEDING:      Writ of Habeas Corpus

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      October 19, 2011

APPEARANCES:

For Petitioner                                    For Respondent

WAYNE MILLER PRO SE
P.O. Box 8107
Mansfield, OH  44901

*Gwin, P.J.*

{1}   Petitioner, Wayne Miller, has filed a petition for Writ of Habeas Corpus alleging unlawful detention based upon his contention that the initial complaint in his case lacked a proper determination of probable cause.   We find it unnecessary to address the claims raised because Petitioner has failed to comply with the procedural requirements for a habeas petition.

{2}   A review of the complaint reveals Petitioner has failed to attach the necessary commitment papers in compliance with R.C. 2725.04(D).

{3}   The Supreme Court has held failure to comply with this requirement is a fatal defect which cannot be cured, "[C]ommitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Bloss v. Rogers*, 65 Ohio St.3d 145, 602 N.E.2d 602.  See also, *Boyd v. Money*, 82 Ohio St.3d 388, wherein the Supreme Court held, "Habeas corpus petitioner's failure to attach pertinent commitment papers to his petition rendered the petition fatally defective, and petitioner's subsequent attachment of commitment papers to his post-judgment motion did not cure the defect." R.C. § 2725.04(D).

{4}   We find failure to include all pertinent entries has made a complete understanding of the Petition impossible.

{5}   We further note a "Court of Appeals [is] required to dismiss [a] petition for habeas corpus sua sponte, where defendant failed to verify the petition for habeas

corpus, support his complaint with an affidavit specifying the details of the claim, attach a copy of commitment or cause of detention to petition, name the correct Respondent, or attach an affidavit describing each civil action or appeal filed by the Relator within previous five years in any state or federal court. R.C. 2725.04(B, D), 2969.25." *Melton v. State* 2002 WL 31040689 (Ohio App. 8 Dist.).

{6}     The petition filed does not contain an affidavit detailing Petitioner's prior civil actions.

{7}     Petitioner's failure to include these items requires dismissal of this case.


By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur


_____

HON. W. SCOTT GWIN


_____

HON. WILLIAM B. HOFFMAN


_____

HON. JOHN W. WISE

WSG:clw 0914

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

WAYNE MILLER                          :
                                      :
                Petitioner            :
                                      :
                                      :
-vs-                                  :        JUDGMENT ENTRY
                                      :        NUNC PRO TUNC
WARDEN MARGERIT(SIC)                  :
BRADSHAW                              :
                                      :
                                      :
                Respondent    :        CASE NO. 2011-CA-79

It has come to the court's attention that the basis for Petitioner's Complaint was incorrectly listed in the original opinion. The court had multiple habeas corpus opinions in process at the same time as the instant opinion and inadvertently transposed the reasons for the petitions.

In order to correct our scrivener's error, we reissue the opinion Nunc Pro Tunc to accurately reflect the basis of Petitioner's complaint. The correction is contained in paragraph one of the first full page of the opinion.

In light of the foregoing, we hereby journalize the corrected opinion to speak Nunc Pro Tunc for the court.

IT IS SO ORDERED.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE